# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2005005295 |
| | ) | |
| JOSHUA MCGRIFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  March 27, 2023
Date Decided:  April 18, 2023

## ORDER

Upon consideration of Defendant Joshua McGriff's "Motion for Sentence Reduction/Modification" ("Renewed Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)     On November 18, 2021, a jury found McGriff guilty of Attempted Rape First Degree and Assault Third Degree.[2]  By Order dated April 26, 2022, effective May 19, 2020, the Court sentenced McGriff as follows:  as to Rape First Degree, 50 years at Level V suspended after 36 years for 2 years Level III;[3] and as to Assault Third Degree, 1 year Level V suspended for 1 year Level III.[4]

(2)     McGriff filed a Motion for Modification of Sentence ("Rule 35(b)

---

[1] D.I. 103.

[2] D.I. 59.

[3] D.I. 83.  The first 15 years of this sentence are mandatory pursuant to 11 *Del. C.* § 773.  *See* 11 *Del. C.* § 4205(b)(1).

[4] D.I. 83.  McGriff's probation on this charge is to be served consecutively to his probation on the Rape First Degree charge.

Motion") on May 13, 2022.[5] Shortly thereafter, on May 26, 2022, he filed a direct appeal with the Delaware Supreme Court.[6] On June 13, 2022, the Court issued a letter order, advising McGriff that his appeal to the Supreme Court divested the Superior Court of its jurisdiction over his case and the Rule 35(b) Motion, but he could renew his motion once the Supreme Court issued its decision.[7]

(3) On February 14, 2023, the Supreme Court issued its Mandate affirming the judgment of the Superior Court,[8] and on March 27, 2023, McGriff filed the Renewed Motion.[9]

(4) Without providing specifics as to his request, McGriff asks the Court to "modify/reduce his sentence . . . so [he] can reunite with [his] family."[10] In support of his motion, he cites his (a) educational aspirations, (b) parental responsibilities, (c) participation in anger-management programs, and (d) rehabilitative efforts and progress.[11]

(5) Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[12] "Under Rule 35(b), a motion for sentence modification must be filed

---

[5] D.I. 81. The Court is unable to locate McGriff's Rule 35(b) Motion. *See* D.I. 102.
[6] D.I. 82.
[7] D.I. 86.
[8] D.I. 97.
[9] D.I. 103. McGriff's Renewed Motion was signed February 13, 2023, and postmarked March 23, 2023.
[10] *Id.*
[11] *Id.*
[12] Super. Ct. Crim. R. 35(b).

within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[13] "This period shall not be interrupted or extended by an appeal . . . [though the Court may] defer decision [on the motion] while an appeal is pending."[14]

(6)     Here, McGriff timely filed the Rule 35(b) Motion with the Court, and the Court deferred decision until after the Supreme Court ruled on McGriff's appeal. Upon the Supreme Court's decision to affirm the ruling of the Superior Court, McGriff renewed his initial motion by filing the instant motion. Thus, McGriff's Renewed Motion is properly before the Court and will be considered on the merits.

(7)     "The burden is upon the movant to establish cause to modify a lawfully imposed sentence."[15] "Although the Rule does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[16]

(8)     McGriff's sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would

---

[13] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[14] Super. Ct. Crim. R. 35(b).
[15] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).
[16] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).

3

warrant a reduction or modification of this sentence. The Court finds that the sentence imposed was reasonable and just under the circumstances presented.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that McGriff's Renewed Motion for Sentence Reduction/Modification is **DENIED**.

        /s/ Jan R. Jurden        
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Abigail E. Rodgers, DAG
       Joshua D. McGriff, SBI# 00614682